J-S47029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :           PENNSYLVANIA
                                                  :
                   v.                        :
                                                  :
                                                  :
JAMES BRYANT                      :
                                                  :
                  Appellant            :    No. 1320 EDA 2023

Appeal from the PCRA Order Entered May 5, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013822-2011

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 4, 2024**

James Bryant appeals *pro se* from the order denying his untimely-filed petition for post-conviction relief.  The lower court treated this as a serial petition under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  For the reasons that follow, we affirm.

The pertinent facts and procedural history are as follows:  In 2012, the trial court convicted Bryant at a bench trial of third-degree murder and related charges.  On October 12, 2012, the trial court sentenced him to an aggregate term of 19½ to 41 years in prison.  Following the denial of post-sentence motions, Bryant filed a timely appeal to this Court.  On May 8, 2014, we affirmed Bryant's judgment of sentence.  ***Commonwealth v. Bryant***, 104

---

[*] Former Justice specially assigned to the Superior Court.

A.3d 41 (Pa. Super. 2014) (non-precedential decision). Bryant did not seek further review.

On September 11, 2014, Bryant filed a timely *pro se* PCRA petition, and, on October 4, 2016, a supplemental petition. The PCRA court appointed counsel. On January 12, 2017, PCRA counsel filed a "no-merit" letter and a motion to withdraw, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), based upon his conclusion that Bryant's petition was without merit. On April 3, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Bryant filed a *pro se* response. By order entered May 19, 2017, the PCRA court dismissed Bryant's petition and granted PCRA counsel's motion to withdraw.

Bryant appealed. On October 26, 2018, this Court affirmed the PCRA court's order denying Bryant post-conviction relief. **Commonwealth v. Bryant**, 200 A.3d 605 (Pa. Super. 2018) (non-precedential decision). In 2019, Bryant filed another *pro se* petition, which the PCRA court dismissed as untimely. Bryant did not appeal.

On June 22, 2021, Bryant filed the *pro se* "Motion for Nunc Pro Tunc Reinstatement of PCRA Petition Filed 9-11-14" at issue here. The PCRA court treated Bryant's 2021 motion as a subsequent PCRA petition. On March 17, 2023, the PCRA court issued a Rule 907 notice of its intent to dismiss the petition without a hearing because it was untimely-filed, and Bryant failed to establish an exception to the PCRA's time bar. Bryant filed a *pro se* response.

By order entered May 5, 2023, the PCRA court dismissed Bryant's petition. This appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Bryant raises the following issue on appeal: "Whether a Court may Reconsider a final order when the prior order has been procured by fraud?" Bryant's Brief at 3.

Before addressing this issue, however, we must address whether the PCRA court properly considered Bryant's latest filing for post-conviction relief as a serial PCRA petition. *See* 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus*"); ***Commonwealth v. Descardes***, 136 A.3d 493, 499 (Pa. 2016) (explaining that "claims that could be brought under the PCRA must be brought under that Act. . . . A claim is cognizable under the PCRA if the . . . conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2)").

In seeking reversal of the court's May 5th order denying relief, Bryant essentially claims that PCRA counsel committed a fraud upon the court by misrepresenting Bryant's claims and by filing a ***Turner***/***Finley*** "no-merit" letter.[1] We deem this to be a cognizable claim under the PCRA of counsel's

_____

[1] Although Bryant does not cite ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), its holding is inapplicable to Bryant's ***untimely*** second petition. *(Footnote Continued Next Page)*

- 3 -

ineffectiveness. **See** Pa.C.S.A. § 9543(a)(2)(ii). Thus, the PCRA court properly considered Bryant's motion at issue here as a serial PCRA petition.

Treating Bryant's latest filing as a PCRA petition, we next determine whether the PCRA court correctly concluded that it was untimely filed, and that Bryant failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time

---

**See Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023) (clarifying that "our Supreme Court in **Bradley** unambiguously **rejected** the filing of a successive **untimely** PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel." **Id.** (additional emphasis added).

In addition, we note that, in affirming the order denying Bryant's first PCRA petition this Court found no merit to Bryant's claim that PCRA counsel was ineffective for filing a **Turner/Finley** "no-merit" letter rather than an amended petition. **See Bryant**, 104 A.3d 41 (Pa. Super. 2014) (non-precedential decision).

on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Bryant's judgment of sentence became final on June 9, 2014, thirty days after he failed to file a petition for allowance of appeal with our Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3).[2] Therefore, Bryant had until June 9, 2015, to file a timely PCRA petition. As Bryant filed the petition at issue in 2021, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Bryant has failed to plead and prove any exception to the PCRA's time bar. Indeed, in both his motion and brief, he fails to acknowledge the statutory time restrictions and proceeds to argue his substantive issue.

---

[2] Because the thirtieth day fell on a Sunday, Bryant had until the following Monday to file a timely petition for allowance of appeal. ***See generally***, 1 Pa.C.S.A. § 1908.

In sum, Bryant's motion is cognizable under the PCRA, but it is untimely, and he has failed to establish a time-bar exception. As such, both the PCRA court and this Court lack jurisdiction to consider his substantive claim. **_Derrickson_**, **_supra_**. We therefore affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/4/2024